**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| EDWARD HILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-423-JDK-JDL |
| | § | |
| JACOB PUTMAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Edward Hill, a Texas prisoner incarcerated within the Ellis Unit of the Texas Department of Criminal Justice (TDCJ) proceeding pro se and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 regarding postconviction DNA testing. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### I.

Plaintiff complains that Defendants Putnam and West, District Attorney and Assistant District Attorney of Smith County, Texas, failed to file a response to his second motion for forensic DNA testing under Chapter 64 in state court. Though the trial court denied Plaintiff's motion—and the appellate court affirmed the denial in a written opinion—Plaintiff maintains that Defendants violated his constitutional rights for "refusing" to answer his motion and "turn over" State Exhibit 51, latex gloves, for testing.

Defendants filed a motion to dismiss. Docket No. 18. In their motion, Defendants argue that Plaintiff fails to establish Article III standing or any exception to sovereign immunity. Defendants further contend that Plaintiff failed to state a claim upon which relief may be granted.

On July 20, 2026, Judge Love issued a Report recommending that the Court grant Defendants' motion to dismiss. Docket No. 30. Specifically, Judge Love highlighted that a prisoner has no freestanding constitutional right to postconviction DNA testing—and that if a request for postconviction DNA testing is denied in state court, a prisoner cannot make a direct challenge in federal court concerning that denial. Moreover, the Magistrate Judge found that Chapter 64 provides that a convicting court may order forensic DNA testing rather than the state attorney who has no enforcement authority under the Chapter. After the Court granted Plaintiff an extension of time to do so, Plaintiff filed a motion to exceed the page limits, Docket No. 35, and timely objections, Docket No. 36.

**II.**

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

For those portions of the Report to which no objections are filed, the Court reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See*

*United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Plaintiff raises three objections to the Report: (1) he is required to only provide a "short and plain statement" of his claim at this stage; (2) under Texas law, the State Attorney is required to answer within 60 days of receiving the motion for postconviction DNA testing; and (3) the State's process for considering his request for DNA testing was fundamentally unfair because Defendants refused to answer his request and failed to turn over Exhibit 51, latex gloves.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 36) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 30) as the opinion of the District Court. Plaintiff's claims are **DISMISSED**.

So **ORDERED** and **SIGNED** this **14th** day of **October, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE